

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 28, 1970

Honorable J. R. Singleton
Executive Director
Texas Parks and Wildlife Dept.
John H. Reagan Building
Austin, Texas  78701

Opinion No.  M-668

Re:  Whether the Texas Parks
     and Wildlife Department
     may exchange its negoti-
     able coupon bonds with
     the low bidder for such
     bonds, for land owned
     by the low bidder.

Dear Mr. Singleton:

We are in receipt of your request for an opinion of this
office as to whether:

    1.  The Texas Parks and Wildlife Department has
authority to exchange its negotiable coupon "State
of Texas Park Development Bonds" for a tract of
land to be developed into a State Park;

    2.  The owner of suitable land who is the success-
ful bidder for such "State of Texas Park Develop-
ment Bonds", may receive such bonds in exchange
for his land;

    3.  The State Parks and Wildlife Department may
purchase land suitable for a park site from the
owner of such land who is also the successful
bidder for "State of Texas Park Development Bonds".

The relevant statute is Article 6070h, Vernon's Civil
Statutes.  Its Section 4 prescribes the requirements for the
sale and issuance of State of Texas Park Development Bonds,
and states in part, ". . . The proceeds from the sale of any
bond, or bonds, shall be used for the purpose of creating the
Texas Park Development Fund . . .".  Section 7 of the Statute
requires that bidders for the bonds must accompany their bids
with, ". . . exchange or bank cashier's check for such sum as
/the Department/ may consider adequate to be a forfeit guaran-
teeing the acceptance and payment for all bonds covered by
such bids and accepted by the department."  Section 9 provides

-3191-

for the creation of special funds for administering ". . . the moneys provided for in this Act . . .". One of these funds is the Texas Park Development Fund into which the proceeds of bond sales are required to be placed by Section 4. Section 9-C provides for the investment of moneys in the Texas Park Development Fund.

The quoted portions of Article 6070h clearly contemplate that "State of Texas Park Development Bonds" are to be sold competitively for cash, and cannot therefore be exchanged for land.

In reply to your third question, we know of no prohibition against the purchase of land by the department from a person or a corporation who might be the successful bidder in the sale of "State of Texas Park Development Bonds", provided there has been compliance with all the statutory requirements for the competitive sale of the bonds for cash, at par value with accrued interest from their date.

An analogous situation is described in the case of Ogg v. Dies, 176 S.W. 638, (Tex.Civ.App. 1915, no writ), where the successful bidder on a contract to construct county roads was also the successful bidder for the purchase of the county bonds being sold to finance the same roads. The court said, at page 640,

> ". . . The law does not prohibit a county from
> selling bonds to contractors for public works
> for the construction of which the bonds are
> issued. The statute forbids the sale of bonds
> of this character for less than par value and
> accrued interest; . . ."

The court further said that such a transaction is valid only where there has been strict compliance with all statutory requirements for the sale of the bonds, and conversely, is invalid where the transaction is used as a shield for the sale of the bonds for less than their par value and accrued interest.

This case, in principle, supports our holding that the Parks and Wildlife Department may not pay in excess of the fair market value of the land in question so as to let the seller of the land recoup his loss for the purchase of bonds at an unfavorable interest rate in the current market.

## S U M M A R Y

The Texas Parks and Wildlife Department is authorized to sell its State of Texas Park Development Bonds at par and accrued interest for cash only, and is not authorized to exchange bonds for land to be developed as a park site.

The department is authorized to buy land from the successful bidder for its bonds where there has been strict compliance with all the statutory provisions governing the sale of such bonds.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Joseph H. Sharpley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roger Tyler
John Reeves
Arthur Sandlin
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant